J-S38038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MEGAN V. JEWELL, | : | |
| | : | |
| Appellant | : | No. 109 WDA 2018 |

Appeal from the Judgment of Sentence January 5, 2018
in the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000312-2014
CP-61-CR-0000353-2017
CP-61-CR-0000366-2017
CP-61-CR-0000387-2017

BEFORE:    BOWES, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 03, 2019**

Megan V. Jewell (Appellant) appeals from the January 5, 2018 judgment of sentence of an aggregate term of 32 to 64 months' incarceration following the revocation of her probation and after pleading guilty to two counts each of retail theft and aggravated assault.  Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

In 2017, Appellant was charged with, *inter alia*, retail theft on two separate occasions, related to the theft of goods from two local stores in Venango County. Following her arrest for one of the aforesaid retail thefts,

*Retired Senior Judge assigned to the Superior Court.

state troopers transported Appellant to the hospital after she complained that she was experiencing pain.[1]  After being examined and released by the attending physician, but before leaving the hospital, Appellant became violent, striking a state trooper and attempting to bite medical staff.  As a result of the foregoing, in addition to being charged with two counts of retail theft, as stated *supra*, Appellant was charged at docket numbers CP-61-CR-0000353-2017, CP-61-CR-0000366-2017, and CP-61-CR-0000387-2017 (collectively, "2017 cases") with, *inter alia*, eight counts of aggravated assault.  On September 25, 2017, as part of a plea agreement, Appellant pleaded guilty to two counts of aggravated assault and two counts of retail theft.  Plea Agreement Form, 9/28/2017.  ***See also*** N.T., 9/25/2017, at 33-35. The remaining counts were *nolle prossed*.  A pre-sentence investigation (PSI) report was ordered and sentencing was deferred.  Request for PSI Report, 9/28/2017.

Prior to sentencing and based upon Appellant's new criminal charges set forth above the Commonwealth sought to revoke Appellant's probation at docket number CP-61-CR-0000312-2014.  Petition to Revoke Probation/Parole, 6/28/2017.  After waiving her right to a ***Gagnon I***

_____

[1] With limited information concerning the factual background of this case, we consulted counsel's ***Anders*** brief, the charging documents contained in the certified record, and the transcript of Appellant's guilty plea hearing to summarize the pertinent facts.  ***See Anders*** Brief at 2; Affidavits of Probable Cause (filed June 15 and July 29, 2017); N.T., 9/25/2017.

hearing, Appellant proceeded to a **Gagnon II** hearing.[2]  At the hearing, the trial court noted that Appellant had "stipulated to the new criminal violations of [her] probation, [Appellant] has been convicted of a new criminal offense[.]"  N.T., 12/21/2017, at 4.  As a result of Appellant's stipulations, the trial court revoked Appellant's probation.  **Id.**  Sentencing was scheduled for the same day Appellant was to be sentenced in the 2017 cases.  **Id.**

On January 5, 2018, Appellant appeared before the trial court to be sentenced, and was sentenced as outlined above.  Appellant did not file a post-sentence motion, and on January 16, 2018, Appellant timely filed a notice of appeal.[3]  That same day, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1).  No statement was filed.  On March 20,

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] Appellant filed one notice of appeal from four separate docket numbers. The Official Note to Pa.R.A.P. 341 states that "[w]here ... one or more orders resolves [*sic*] issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." Pa.R.A.P. 341, Official Note. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that

> in future cases [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

**Id.** at 977 The **Walker** decision was held to apply only prospectively. Because **Walker** was decided on June 1, 2018 and the current appeal was filed on January 16, 2018, the **Walker** holding does not apply to this case. Thus, we decline to quash the appeal.

2018, the trial court entered an order stating that Appellant's failure to file a concise statement constituted waiver of all issues on appeal. Opinion of Court, 3/30/2018, at 1-2.

In this Court, counsel for Appellant, Matthew C. Parsons, Esquire, filed both an *Anders* brief and a petition to withdraw as counsel. Upon review, this Court, in a memorandum filed August 27, 2018, determined that Attorney Parsons did not comply with the requirements of *Anders*.[4] Thus, we denied Attorney Parsons's petition to withdraw and remanded this case with instruction to Attorney Parsons to review the complete record and then "file either an advocate's brief or a new petition to withdraw and *Anders* brief that fully comply with the requirements detailed above." *Commonwealth v. Jewell*, 195 A.3d 1033 (Pa. Super. 2018) (unpublished memorandum at *3).

---

[4] In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court expounded upon the requirements of *Anders*.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Several months later, this case returned to this Court following remand. A review of the record revealed that, per our request, the certified record had been supplemented. However, we ultimately determined that Attorney Parsons failed to comply with this Court's directives. Therefore, we remanded this case once again and directed Attorney Parsons to file either an advocate's brief or a compliant **Anders** brief, and to comply with all of this Court's directives. **Commonwealth v. Jewell**, 2019 WL 1307452 (Pa. Super. 2019) (unpublished memorandum at *2).

Instead of filing either an advocate's brief or compliant **Anders** brief, on April 8, 2019, Attorney Parsons filed a petition to withdraw as counsel, averring he was no longer employed "with the Venango County Public Defender's Office" and that "someone else ha[d] been assigned to this case." Petition to Withdraw, 4/8/2019. On May 1, 2019, this Court denied Attorney Parsons's request without prejudice, advising Attorney Parsons that he may refile his petition to withdraw once substitute counsel entered an appearance. Order, 5/1/2019. Soon thereafter, Tina M. Fryling, Esquire, entered her appearance in this case on behalf of Appellant.[5]

On May 15, 2019, Attorney Fryling filed a brief, in which it appeared she was attempting to assert that Appellant's appeal is wholly frivolous. Notably, however, Attorney Fryling neither filed a corresponding petition to

---

[5] Attorney Parsons eventually filed a petition to withdraw, which this Court subsequently granted.

withdraw nor followed the procedures pursuant to **Anders** and **Santiago**.[6]

In light of the foregoing, we directed Attorney Fryling to file either an

advocate's brief or a compliant **Anders** brief and petition to withdraw.

**Commonwealth v. Jewell**, 2019 WL 3946167, (Pa. Super. 2019)

(unpublished memorandum at *2).

On September 24, 2019, counsel submitted a petition to withdraw and

a brief in support of her conclusion that Appellant's appeal is wholly

frivolous. Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has complied substantially with the

---

[6] Counsel seeking to withdraw under **Anders** and its progeny

> must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

technical requirements set forth above.[7]   Therefore, we now have the responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Preliminary, we address prior counsel's failure to file a Rule 1925(b) statement.  As set forth *supra*, on January 16, 2018, the trial court entered an order directing Appellant to file a concise statement.  However, no statement was filed.  This Court repeatedly has held that the failure to file a Rule 1925 statement constitutes *per se* ineffective assistance of counsel. ***See Commonwealth v. McBride***, 957 A.2d 752 (Pa. Super. 2008) (holding that failure of defense counsel to file concise statement of errors complained of on appeal constituted *per se* ineffectiveness); ***Commonwealth v. Scott***, 952 A.2d 1190 (Pa. Super. 2008) (holding counsel's failure to file concise statement is *per se* ineffectiveness). Ordinarily, in this situation, the remedy would be for this Court to remand this case "for the filing of a [concise s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the [trial court]."  Pa.R.A.P. 1925(c).  However, in light of our disposition, we do not find remand necessary.  Accordingly, we will now address the issue presented on appeal.

---

[7] Appellant has not filed a response to counsel's petition.

In her ***Anders*** brief, counsel states the following issue for this Court's review: "Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law, especially in that the sentence did not take into account [Appellant's] mental health issues?"[8] ***Anders*** Brief at 1 (unnecessary capitalization omitted). Thus, the sole issue identified by counsel concerns the discretionary aspects of Appellant's sentence. We consider this claim mindful of the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right.[9] Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

---

[8] Specifically, Appellant contends "her sentence was manifestly excessive and clearly unreasonable because she was sentenced harshly considering her mental health issues." ***Anders*** Brief at 5.

[9] Moreover, with respect to Appellant's sentence imposed by the trial court following the revocation of her probation, we note that it is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

The record reflects that Appellant timely filed a notice of appeal. However, Appellant did not present a challenge to her sentence at her sentencing hearing, and our review of the certified record reveals Appellant failed to file a post-sentence motion. Therefore, Appellant's sole issue on appeal is waived. *See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) ("Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citations and internal quotation marks omitted). *See also Commonwealth v. Rhoades*, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion). Because Appellant did not timely file a post-sentence motion, she has waived this issue for our review, and therefore, we agree with counsel that it is frivolous.[10] *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa.

---

[10] Assuming *arguendo* that Appellant properly preserved her claim and raised a substantial question for our review, she would still not be entitled to relief. At sentencing, the trial court heard and considered statements from Appellant, defense counsel, and the Commonwealth. N.T., 1/5/2018, at 16-24. This included listening to defense counsel and Appellant speak at length about Appellant's mental health and the role it played in her crimes. *Id.* at

Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Moreover, we have conducted "a simple review of the record" and have found no "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

20-23. Additionally, the court received and reviewed Appellant's pre-sentence investigation (PSI) report and was apprised of the sentencing guidelines for each offense. **Id.** at 13-16. The trial court also noted that it was aware of Appellant's prior record and that Appellant did not "have a good history, … a good track record at this point in time." **Id.** at 26.

In light of the foregoing, we find Appellant's complaint that her aggregate sentence did not account for her mental health issues without merit. Here, the trial court acknowledged Appellant's mental health struggles and opined that the type of treatment necessary to address these issues would be available in the state system, as opposed to the limited resources in Venango County. **Id.** at 26-27. Additionally, the trial court noted that the aggregate sentence was significantly less than the time she could have received, and concluded that "[a]ny lesser sentence would depreciate the seriousness of the offense." **Id.** at 31. Moreover, the trial court had the benefit of a PSI report and therefore, was in the best position to consider Appellant's mitigating factors. **See Commonwealth v. Finnecy**, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date:  12/3/2019